HOFFMAN, District Judge. It appears from the documentary evidence in this case that Governor Figueroa's order, dated March 5th, 1835, directed the commissioner of San Solano to furnish to such individuals of the colony as might desire to remove and establish themselves elsewhere, the necessary assistance to pass the bay, and to report to the government the persons who might do so, with their places of destination. On the fourth of November, 1836, Francisco Guerrero petitioned Gov. Gutierrez, who had succeeded Figueroa, for a piece of land near the mission, and referred to the previous order of Figueroa allowing a settlement on any land that might be selected. This petition was referred to the administrator of the mission of San Francisco, by whom a favorable report was made, and the governor, on the thirtieth of May, 1836, granted to Guerrero the four hundred varas solicited according to his petition. The signatures of the documents are proved to be those of the officers by whom they purport to have been signed, and it is further proved that the grantee almost immediately after went upon his land, built a house upon it, fenced it and converted it into a garden—it having been before marshy and unoccupied. The grantee and his family, the present claimants, continued to reside upon it until his death in 1851. No objections to this grant are made on the part of the United States. It was confirmed by the board, and we see no reason for reversing their decision. The title of the claimants must therefore be confirmed.

---

UNITED STATES (PANAUD v.). See Case No. 10,704.

---

## Case No. 15,991.

**UNITED STATES v. PARK et al.**

[2 Chi. Leg. News, 385.]

District Court, N. D. Illinois. Aug. 27, 1870.

INTERNAL REVENUE — CAPACITY OF DISTILLERY — PRO RATA TAX.

Under the act of July 4, 1868, if the government fails or refuses to assign to a distillery the necessary number of store-keepers, and directs that the distillery be run only a certain number of hours, it reduces pro tanto the productive capacity of the distillery, and can only collect a pro rata tax.

Before BLODGETT, District Judge.

[Nowhere more fully reported; opinion not now accessible.]

---

## Case No. 15,992.

**UNITED STATES v. PARKER et al.**

[2 Dall. 373.] [1]

Circuit Court, D. Pennsylvania. April Term, 1797.

CAPIAS AD RESPONDENDUM — ALIAS WRIT — RETROSPECTIVE TESTE.

[1. There is no effectual mode of issuing an alias capias ad respondendum but by testing it

[1] [Reported by A. J. Dallas, Esq.]

of the term to which the original writ was returnable; and there is no principle or usage which will authorize giving a retrospective teste as of April term, 1792, to an alias capias issued in August, 1796.]

[2. Cited in Hunter v. U. S., 5 Pet. (30 U. S.) 185, to the point that while a defendant is charged in execution, the debt is considered as satisfied, and that a discharge of one co-debtor is a discharge of all.]

A capias had issued in this cause against Daniel Parker, Wm. Duer, and John Holker, returnable to April term, 1792; and the marshal then returned, cepi corpus as to Duer, (who gave special bail in due time) and non sunt inventi, as to Parker and Holker. After a declaration was filed (reciting that the marshal had not found two of the defendants within his district, and proceeding against the other alone, upon the principles of the practice of the courts of Pennsylvania) after issue had been joined, and a variety of continuances, and other entries made upon the record, an original, not an alias, capias was issued, on the 8th of August, 1796, returnable to October term following, against Holker alone, upon which writ he was arrested; but on a hearing before Wilson, Justice, he was discharged on common bail.[2]

Mr. Rawle, for plaintiff, observed, that upon principles of common justice, and, he thought, upon principles of law too, when there were several defendants, and one only was taken on the first writ, process might issue, from time to time, to bring the others into court, without compelling the plaintiff to discontinue his action. By the 11th section of the judicial act (vol. 1, Swift's Ed., p. 58, c. 9 [1 Stat. 78]), it is provided, that the courts of the United States "shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of law." It is only incumbent on the plaintiff, therefore, to shew, that the present writ is necessary to the efficient exercise of the court's jurisdiction, and that it

---

[2] This action had been originally instituted in the supreme court of Pennsylvania; and Holker (who was then the only person arrested) pressed for a trial; but after an ineffectual opposition to an order for bringing on the cause, the attorney of the district entered a discontinuance. On this ground, I am informed, Judge Wilson directed common bail to be accepted from Holker in the second suit. In October term, the attorney of the district (Rawle) had obtained two rules: (1) That Holker shew cause, on the first day of the present term, why the writ issued should not be amended, conformably to the precept, which, it was alleged, directed an alias capias; and (2) that Holker shew cause why the plaintiff should not file common bail for him. It was agreed, however, that the case should be argued, as if the last writ had been an alias capias, reciting the original capias and return: and the only question discussed was—whether an alias capias could issue, after the lapse of so many terms, and under the circumstances appearing upon the record, to arrest Holker, and make him a party to the existing suit?